1

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9  Komlan Etienne Tchalla, | No. CV-18-00582-TUC-DTF |
| 10              Plaintiff, | **ORDER** |
| 11  v. | |
| 12  Arizona Department of Economic Security, et al., | |
| 13 | |
| 14              Defendants. | |

15       Before the Court is Defendant Michael Tailor's Motion to Dismiss (Motion) filed

16   on July 23, 2019. (Doc. 25.) On August 9, 2019, in response to Defendant's Motion,

17   Plaintiff filed an untitled document which the Clerk of the Court docketed as a motion to

18   appoint counsel. (Doc. 28.) All parties have consented to this matter being decided by the

19   undersigned U.S. Magistrate Judge. (Doc. 22.)

20       For the reasons set forth below, Defendant's Motion will be **granted** and Plaintiff's

21   request for appointment of counsel will be **denied as moot**.

22       **Background**

23       On January 31, 2019, Plaintiff, pro se, filed his amended complaint. (Doc. 11.) On

24   June 26, 2019, Defendant Michael Trailor (Trailor) waived formal service of the summon

25   and complaint. (Doc. 17.) On July 19, 2019, the Court entered an Order dismissing

26   Defendant David Smith Wayne. (Doc. 24.) On July 23, 2019, Defendant Trailor filed his

27   Motion. (Doc. 25.)

28   …

**The Amended Complaint and Defendant's Motion**

The first paragraph of the amended complaint alleges "[d]enials of RSA/VA Program services (eligibility process not respected in 2015, see the exhibit of my eligibility in 2015)." (Doc. 11 at 5, ¶ 1.) The other operative paragraphs of the amended complaint allege claims of libel, slander, misrepresentation, "abuses," "neglect," "destruction and/or theft," "omission of evidence and refusal to witness and/or producing witnesses." (Doc. 11 at 5, ¶¶ 2, 3, 4, 5, 6, 7, 8.)

Defendant Trailor asks the Court to dismiss the amended complaint arguing that (1) all of Plaintiff's apparent state law claims fail to state a claim for relief against Defendant Trailor, (2) Plaintiff failed to comply with Arizona's Notice of Claim Statute, Ariz. Rev. Stat. § 12-821.01, resulting in his state law claims being barred under Arizona law, and (3) Plaintiff's claims are barred by the statute of limitations. (Doc. 25 at 2-5.) Defendant Trailor argues that Plaintiff's apparent claim concerning the denial of "RSA/VA services" is too vague to state a claim for relief. (Doc. 25 at 5-6.)

In Plaintiff's untitled document he asks the Court to appoint him counsel and responds to some of the points raised in Defendant Trailor's Motion. (Doc. 28 at 1, ¶ 12.) For example, Plaintiff addresses his claims of libel, slander and misrepresentation contending that individuals (who are not defendants in this case) "are assistants and partner(s) of [Defendant] Trailor…[and] the jobs they have done…were done under his jurisdiction." *Id.* at ¶ 13. Plaintiff also summarily argues that his claims are not time barred. *Id.* at 2.

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief sought..." *See* Fed. R. Civ. P. 8(a).

**The Amended Complaint Fail to State a Federal Claim for Relief**

In his amended complaint, Plaintiff cites 29 U.S.C. § 722(c) as a basis for this

Court's jurisdiction. (Doc. 11 at 3.) Plaintiff alleges:

> 1. Denials of RSA/VR Program services (eligibility process not respected in 2015, see the exhibit of my eligibility in 2015).
>
> …
>
> 5. Abuses (abuses of power, denial of rights) I have asked many times VRS Alice Robinson to schedule a meeting for me, DES/RSA/VR and Dr. David Smith Wayne for explanations of my evaluations that he has done. Those evaluations contain false allegations of statements, diagnoses and contradiction of appreciations. […]
>
> 6. Neglect (my first IPE was not done on time, and my current IPE is not proper to my needs. DES/RSA/VR does not give consideration to the negative effects of denying me the benefits of DES/RSA/VR services. Without a proper IPE and without a proper training it will be difficult for me to get a job which would allow me to be self-sufficient according to the promotion of the well-being and economic sufficiency of individual in need that DES supports itself, and which is a part of its mission)[.]
>
> …
>
> 8. Omission of evidence and refusal to witness and/or producing witnesses (eligibility evidence, slander, misrepresentations and neglect during administrative hearings, etc.) DES/RSA/VR has omitted and refused time and time again to produce some evidence such as conflict of interest of VRS Alice Robinson, or to produce, upon my request, witnesses such as Dr. David Smith Wayne of DARC, RSA/VRS Shannon Niznik, RSA/VRC Cary Dikinis, former RSA/VR Ombudsman Nathalie Guzman Trujillo, RSA/VR Program Manager Mary Boegemann, etc. (See exhibits).

(Doc. 11 at 5, ¶¶ 1, 5, 6, 8.) Plaintiff attached to his amended complaint two decisions that were made by Defendant Trailor in his capacity as the Director of the Arizona Department of Economic Security. (Doc. 11-1.)

The first decision is the Defendant Trailor's decision dated September 25, 2018 in Appeal No. P-1591752-001, which affirms a decision of the Administrative Law Judge (ALJ) dated July 24, 2018. *Id*. at 2-5. The ALJ dismissed Plaintiff's request for monetary compensation for his participation in the vocational rehabilitation program because such a request is beyond the jurisdiction of the Office of Appeals. *Id*. at 3.

The second decision is Defendant Trailor's decision dated July 24, 2018 in Appeal No. P-1591742-001, affirming the ALJ's decision dated June 1, 2018. In that case, the

1    ALJ denied Plaintiff's request to change his vocational rehabilitation office and/or his
2    vocational rehabilitation counselor. (Doc. 11-1 at 7-11; Doc. 12 at 31-38.)

3        Section 722(c)(1), Title 29, of the United States Code, requires that each state shall
4    establish procedures for review through an impartial due process hearing of determinations
5    made by personnel of the designated State unit that affect the provision of vocational
6    rehabilitation services to applicants or eligible individuals. *See* 29 U.S.C. § 722(c)(1).
7    Arizona's procedures regarding impartial due process hearings concerning determinations
8    that affect the provision of vocational rehabilitation services are located in R6-4-404 of the
9    Arizona Administrative Code (A.A.C.). Pursuant to Arizona Administrative Code section
10    R6-4-404(C)(1), an appellant who is dissatisfied with a hearing officer's decision may
11    request the Department of Economic Security Director to review the decision. The
12    Director's decision shall be the final decision of the Department. A.A.C. R6-4-404(C)(3).
13    Any party aggrieved by the final decision of the Department may bring a civil action for
14    review of the decision in federal district court pursuant to 29 U.S.C. § 722(c)(5)(J).

15        This Court's jurisdiction arguably extends to judicial review of the two adverse
16    decisions that Plaintiff attached as exhibits to his amended complaint. However, Plaintiff
17    has failed to allege that he is, in fact, seeking review of the two decisions. Plaintiff also
18    fails to state any basis on which he contends these two decisions should be overturned.
19    Regarding the decision dated September 25, 2018, Plaintiff fails to allege why the
20    Director's decision affirming the ALJ's decision dismissing his appeal for lack of
21    jurisdiction is incorrect. Similarly, regarding the decision dated July 24, 2018, Plaintiff
22    fails to mention in the amended complaint why the Director's decision affirming the ALJ's
23    decision denying his request to change is vocational rehabilitation office and/or counsel is
24    incorrect.

25        In fact, in paragraph 1 of his amended complaint Plaintiff asserts that his "eligibility
26    process [was] not respected in 2015." The decisions Plaintiff attached to his amended
27    complaint were rendered in 2018. (Doc. 11 at 5, ¶ 1.) None of the other paragraphs of the
28    amended complaint that reference "DES/RSA/VR" contain any allegations that are related

- 4 -

to the two decisions that Plaintiff attached to his amended complaint. *See* Doc 11 at 5, ¶¶ 5, 6, 8. Stated another way, the allegations contained in paragraphs 1, 5, 6 and 8 of the amended complaint are outside the scope of the issues raised in the two decisions that are attached to the amended complaint. Section 722(c)(5)(J), Title 29, U.S.C., limits the Court to "review of [the Director's] decision" and it is without jurisdiction to consider the allegations raised in paragraphs 1, 5, 6, and 8 of the amended complaint. *See* 29 U.S.C. § 722(c)(5)(J).

In sum, the Court determines that Plaintiff's amended complaint fails to state claim for judicial review under 29 U.S.C. § 722(c)(5)(J).

The remaining paragraphs of the amended complaint attempt to allege state law claims. *See* Doc. 11 at 5, ¶¶ 2, 3, 4, 7 (alleging claims of libel, slander, misrepresentation, and destruction or/and theft). Having concluded that there is no federal claim to exercise jurisdiction over, the Court, in its discretion, declines to exercise jurisdiction over these alleged state law claims. *See* 28 U.S.C. § 1367(c); *Carnegie-Melon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (when all federal claims have been dismissed before trial, the interest promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state-law claims).

**Conclusion**

The amended complaint will be dismissed. Plaintiff has already been given the opportunity to amend his complaint. Accordingly, the dismissal will be with prejudice. Plaintiff's request for the appointment of counsel will be denied as moot.

…

…

…

…

…

…

…

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 25) is **granted** and the amended complaint is **dismissed with prejudice**. Plaintiff's request for the appointment of counsel (Doc. 28) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated this 8th day of October, 2019.

Honorable D. Thomas Ferraro
United States Magistrate Judge